McIlvaine, J.
The questions in this case relate solely to the power of a board of education to appropriate the public school-house of its district to private, uses, or, indeed, to any use other than public schools.
Section 37 of the. “ act for the reorganization and maintenance of common schools,” passed May 1, 1873 (70 Ohio L. 195), in force when the original action was commenced, provides: “ The several boards of education of all school districts now organized and established, and all school districts organized under the provisions of this act, shall be and they are hereby declared to be bodies politic and corporate, and as such capable of suing and being sued, contracting and being contracted with, acquiring, holding, possessing and disposing of property, both real and personal, and taking and holding in trust for the use and benefit of such districts any grant or devise of land, and any donation or bequest of money or other personal property ; and of exercising such other powers and having such other privileges as are conferred by this act.” And section 89 reads as follows: “ All property, real or personal, which has heretofore vested in and is now held by any board of education, or town or city council, for the use of public or common schools in any district, is hereby vested in the board of education provided for in this act, having under this act jurisdiction and control of the schools in such district.”
By virtue of these sections, all public school-houses are vested in the boards of education, in trust for the use of the public or common schools, and the appropriation of' *146 them to any other nse is unauthorized and unlawful. The power of “disposing of property” conferred upon such boards by section 37, was intended to and does relate solely to property not needed for the use of the public schools.
"We do not mean to say that a court of equity will interpose its extraordinary power, by writ of injunction, against every casual or temporary use of such property for other than public school purposes, but it is quite clear to our minds that its appropriation, by lease, for a private school for a term of weeks, ought to be restrained.
It has been suggested that a distinction might be made between uses other than for the public schools; and that those which are educational in character might be allowed, while those not educational should be prohibited. "We can see no ground for such distinction. The property having been acquired and maintained by general taxation, for the use of public schools, to which all the youth of the district are entitled to admission, it would be a violation of the-trust to devote it to any educational purpose to the benefits of which, each youth within the district, of school age,' might not of right demand admission upon equal terms with others in like condition.
. It is also suggested that the plaintiff has not shown an. injury to himself. As a resident tax-payer in the district, and hence a quasi corporator, it is his legal right to have the corporate property used solely for corporate purposes; and any diversion of the property to other uses is an injury to him in law. And in addition to this, the unauthorized use to which this property was devoted, necessarily results in damage to’a greater or less degree, to say nothing-of the risks.
We think that the demurrers to the answers should have been sustained by the court of common pleas, and that the -district court erred in affirming the judgment.

Judgments reversed